UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRYSTAL FAYE POTTERF *et al.*,

          Plaintiffs,                    Case No. 26-cv-10860
                                          Hon. Matthew F. Leitman

v.

DREW F. WESSELS, *et al.*,

          Defendants.

_____/

## ORDER (1) GRANTING PLAINTIFFS' APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF No. 2) AND DENYING IN PART PLAINTIFFS' EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER TO THE EXTENT IT SEEKS EX PARTE RELIEF (ECF No. 3)

On March 16, 2026, Plaintiffs Krystal Faye Potterf and Joshua Raymond Potterf filed this action against the Defendants. (*See* Compl., ECF No. 1.) Plaintiffs have also filed an application to proceed *in forma pauperis* in this action. (*See* Application, ECF No. 2.) The Court has reviewed the *in forma pauperis* application and concludes that it should be **GRANTED**. Plaintiffs may therefore proceed *in forma pauperis* in this case.[1]

In addition, Plaintiffs have filed an *ex parte* motion for a temporary restraining order and preliminary injunction. (*See* Mot., ECF No. 3.) In that motion, Plaintiffs

---

[1] The application to proceed *in forma pauperis* was only filed in the name of Plaintiff Jousha Potterf, but the Court will grant both Plaintiffs *in forma pauperis* status based on the information provided by Joshua Potterf in his application.

1

seek a stay of all pending state-court criminal proceedings against them. (*See id.*) To the extent that that motion seeks *ex parte* relief, it is **DENIED** because Plaintiffs have not shown an entitlement to *ex parte* relief.

Under Federal Rule of Civil Procedure 65(b)(1), a court may issue "a temporary restraining order without written or oral notice to the adverse party" only if (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and (2) the moving party certifies "efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. Proc. 65(b)(1)(A)-(B).

Plaintiffs have not satisfied those requirements here.  Plaintiffs attempt to satisfy Rule 65(b) by certifying that if Defendants are provided advance notice of their motion, Defendants would be able "to proceed with unconstitutional actions [against them] before this Court can act." (Mot., ECF No. 3, PageID.49.)   But Plaintiffs have not shown that providing notice to the Defendants will somehow preclude the Court from acting in a timely manner if the Court is ultimately persuaded to do so.

Thus, under these circumstances, to the extent that Plaintiffs seek *ex parte* relief, their motion is **DENIED**.  Plaintiffs shall provide the Court's Clerk's Office all required information and documents to serve the Defendants with the Complaint,

2

and once Defendants are served by the United States Marshal and appear in this case, the Court will promptly hold a status conference to discuss an expedited briefing schedule for Plaintiffs' motion for preliminary relief.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
Dated: April 8, 2026          UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 8, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

3