UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRYSTAL FAYE POTTERF, *et al.*,

       Plaintiffs,

v.

DREW F. WESSELS, *et al.*,

       Defendants.

Case No. 26-cv-10860

Hon. Matthew F. Leitman

_____/

## ORDER DENYING PLAINTIFFS' SECOND MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (ECF No. 24)

Plaintiffs Joshua Raymond Potterf ("Joshua") and Krystal Faye Potterf ("Krystal")[1] are criminal defendants in two separate cases pending in Michigan state court. In this action, the Potterfs say that the Defendants have violated their constitutional rights, and they seek damages and a stay of their state-court prosecutions. (*See*, *e.g.*, Compl., ECF No. 1.)

On March 16, 2026, the Potterfs, who are proceedings *pro se*, filed an *ex parte* motion for a temporary restraining order and/or preliminary injunction. (*See* Mot., ECF No. 3.) In that motion, the Potterfs sought a stay of the state-court criminal proceedings. (*See id.*) The Court denied the Potterfs' request for *ex parte* relief on

---

[1] As it has in previous orders, because they share the same last name, and to avoid any confusion, the Court will refer to Joshua Potterf as "Joshua" and Krystal Potterf as "Krystal."

April 8, 2026, and it denied the remainder of their motion on April 10, 2026. (*See* Orders, ECF Nos. 16, 21.) The Potterfs then filed an emergency motion for reconsideration (*see* Mot., ECF No. 22), and the Court denied that motion on April 13, 2026. (*See* Order, ECF No. 23.)

On the same day that the Court denied reconsideration, the Potterfs filed a second motion for a temporary restraining order and/or preliminary injunction. (*See* Mot., ECF No. 24.) That motion raises many of the same underlying challenges to the state-court criminal proceedings that the Potterfs brought to the Court's attention in their earlier filings. As relief, the Potterfs seek in their latest motion an order from this Court (1) enjoining "Defendant Shelia Long from refusing to accept legal filings from Joshua via email for all current and prospective legal matters," (2) staying "the enforcement of [a] bench warrant against Krystal" that was issued after Krystal did not appear in person for a scheduled proceeding in her state-court criminal case, and (3) vacating a plea cutoff date in Joshua's state-court criminal case. (*Id.*, PageID.137-138.)

The Potterfs' motion is **DENIED** for all of the reasons that the Court has explained in its previous orders. Simply put, the Potterfs have not persuaded the Court that extraordinary intervention into their state-court criminal proceedings is warranted here. Moreover, one additional reason weighs in favor of declining to (1) order Defendant Long to accept all current and future legal filings from Joshua and

(2) vacate any orders entered in Joshua's state-court criminal case. One of the primary bases upon which the Potterfs seek that relief is their assertion that Joshua has wrongly been denied access to the state-court's electronic filing system. The Potterfs insist that without such access, Joshua cannot effectively defend himself in his criminal prosecution. However, in their most-recent motion for a temporary restraining order, the Pottfers say that the state court has recently appointed new counsel for Joshua in his criminal case. (*See id.*, PageID.136.) Joshua's new attorney will be able to fully defend him and present all of his appropriate and available legal defenses to the state court. The appointment of that new counsel further persuades the Court that interfering with the Potterfs' state-court prosecutions would not be appropriate here.[2]

For all of these reasons, and the reasons explained in the Court's previous orders, the Potterfs' currently-pending motion for preliminary relief (ECF No. 24) is **DENIED**.

The Court very much appreciates the respectful manner in which the Potterfs have presented their arguments to the Court, and the Court likewise respects the sincerity of their concerns about the state-court criminal proceedings. But the Court

---

[2] The appointment of Joshua's new criminal counsel is a separate and independent basis for denying the Potterfs' current motion for preliminary relief. To be clear, for all of the reasons the Court explained in its earlier orders, it would deny the motion even if new counsel had not been appointed.

3

will not stay or interfere with those proceedings in the manner requested by the Potterfs. If the Potterfs continue to disagree with the Court's ruling, they are, of course, free to pursue an appeal, if one is available. However, the Court discourages the Potterfs from continuing to seek the same relief from this Court.

   **IT IS SO ORDERED**.

          s/Matthew F. Leitman
          MATTHEW F. LEITMAN
          UNITED STATES DISTRICT JUDGE

Dated: April 21, 2026


   I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 21, 2026, by electronic means and/or ordinary mail.

          s/Holly A. Ryan
          Case Manager
          (313) 234-5126