UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRYSTAL FAYE POTTERF, *et al.*,

Plaintiffs,

Case No. 26-cv-10860
Hon. Matthew F. Leitman

v.

DREW F. WESSELS, *et al.*,

Defendants.

______________________________________________________________________/

**ORDER DENYING PLAINTIFFS' JOINT MOTION TO MODIFY AUGUST 20, 2026, HEARING FORMAT (ECF No. 101)**

*Pro se* Plaintiffs Joshua Raymond Potterf and Krystal Faye Potterf are criminal defendants in two separate cases pending in Michigan state court. In this action, the Potterfs say that the Defendants have violated their constitutional rights, and they seek damages and a stay of their state-court prosecutions. (*See*, *e.g.*, Compl., ECF No. 1.)

On July 8, 2026, the assigned Magistrate Judge issued a Report and Recommendation in which she recommended that the Court (1) deny several motions that the Potterfs have filed and (2) restrict future filings in this case to briefing on pending motions to dismiss that the Defendants have filed until those motions are resolved (the "R&R"). (*See* R&R, ECF No. 79.) The Potterfs have filed

objections to the R&R (*see* Objections, ECF No. 80), and the Court has set a virtual hearing on the objections for August 20, 2026. (*See* Notice of Hearing, ECF No. 97.)

On August 6, 2026, the Potterfs filed a motion to cancel the virtual hearing. (*See* Mot., ECF No. 101.) In that motion, the Potterfs explain that due to disabilities that they have, they are unable to participate and present legal argument at the hearing because of the stress such a hearing would cause. (*See id.*) The Potterfs therefore ask the Court to "issue its questions to [them] in writing" so that the "hearing [can] be [held] in [a] written interrogative format." (*Id.*, PageID.1404.) For the reasons explained below, the motion is **DENIED**.

The Court is not persuaded to cancel the hearing for several reasons. First, the Court does not anticipate asking the Potterfs to present legal arguments at the August 20 hearing. Instead, the Court plans to ask the Potterfs a series of focused factual questions that they should be able to answer easily, and there is no reason that their claimed disabilities should prevent them from answering those questions during the hearing. Second, a virtual hearing format is the best format to resolve the Potterfs' objections to the R&R because the Court anticipates having follow-up questions and discussions regarding its factual questions, and that back-and-forth discussion cannot be completed through written questions. Third, as the Potterfs acknowledge (*see id.*), the Court has already accommodated the Potterfs' claimed disabilities (and their indigence and claimed inability to travel to the Detroit

Courthouse) by holding its hearing virtually instead of requiring the Potterfs to attend an in-person hearing on the objections. Fourth, the Potterfs appeared at a virtual status conference before the Court earlier in this action, they were treated with respect during that conference, and they were able to complete that status conference despite any claimed disabilities. Finally, during the hearing on the objections, the Court will reasonably accommodate the Potterfs if it becomes necessary to do so. For example, if the Potterfs need short breaks to collect themselves, or if they need to alternate speakers, they will be allowed to do so.

For all of the reasons stated above, the Court is confident that the Potterfs will be able to meaningfully participate in the virtual hearing on their objections to the R&R. The Court therefore **DENIES** the Potterfs' motion and will proceed with the virtual hearing as previously scheduled.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 7, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 7, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126