UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRYSTAL FAYE POTTERF, *et al.*,

Plaintiffs,

Case No. 26-cv-10860
Hon. Matthew F. Leitman

v.

DREW F. WESSELS, *et al.*,

Defendants.

_______________________________________/

**ORDER (1) OVERRULING PLAINTIFFS OBJECTIONS (ECF No. 80) TO REPORT AND RECOMMENDATION (ECF No. 79); (2) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION; (3) DENYING PLAINTIFFS' MOTIONS (ECF No. 59, 76, 77, 78), (4) TERMINATING DEFENDANTS' MOTIONS TO DISMISS AS MOOT (ECF Nos. 53, 55); (5) VACATING ORDER OF REFERENCE TO THE MAGISTRATE JUDGE (ECF No. 37); AND (5) TERMINATING PLAINTIFFS' MOTIONS WITHOUT PREJUDICE (ECF Nos. 82, 83, 89, 93, 94, 95)**

Plaintiffs Joshua Raymond Potterf ("Joshua") and Krystal Faye Potterf ("Krystal")[1] are criminal defendants in two separate criminal cases pending in two separate Michigan state courts. *See People v. Joshua Potterf*, Case No. 25-016761-FH (Mich. 54th Judicial Circuit Court, Tuscola County); *People v. Krystal Potterf*, Case No. 25-0340-SM (Mich. 7-1B District Court). In their *pro se* Complaint in this

[1] As the Court has done in previous orders, the Court will refer to Joshua Potterf as "Joshua" and Krystal Potterf as "Krystal" because Plaintiffs share the same last name.

action, the Potterfs ask the Court, among other things, to enjoin both state-court prosecutions. (*See*, *e.g.*, Compl., ECF No. 1.) Now before the Court is an "emergency motion" to enjoin Joshua's state-court criminal proceedings. (*See* Mot., ECF No. 78.) That motion is one of over twenty motions that the Potterfs have filed in the less than six months that this case has been pending.

On July 8, 2026, the assigned Magistrate Judge issued a report and recommendation in which she recommended that the Court deny the motion to enjoin Joshua's state-court criminal case (the "R&R"). (*See* R&R, ECF 79.) In the R&R, the Magistrate Judge also recommended that the Court deny several other pending motions and restrict all future filings to filings related to Defendants' pending motions to dismiss. (*See id.*) Just six hours after the Magistrate Judge issued the R&R, the Potterfs filed twenty-one pages of objections to that recommendation. (*See* Obj., ECF No. 80.) The Court held a virtual hearing on the objections on August 20, 2026. For the reasons explained below, the objections are **OVERRULED**.

## I

The Potterfs are not entitled to relief on any of their objections because they failed to take reasonable steps to ensure that the legal citations in the objections were accurate. As the Potterfs acknowledged during the virtual hearing on August 20, 2026, they used artificial intelligence to prepare their objections. Perhaps for that

reason. the objections are replete with false and/or materially inaccurate citations of cited cases. For example:

- The Potterfs quoted the Supreme Court as saying in *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020), that federal courts "do not as a rule initiate torts or explore legal pathways on their own, but rather sit as arbiters of legal issues presented and argued by the parties." (Obj., ECF No. 80, PageID.948.) That quotation does not appear in the *Sineneng-Smith* case in any form.

- The Potterfs argued that "the Sixth Circuit clarified *in United States v. Abdi*, 827 F.3d 533, 538 (6th Cir. 2016), while a court possesses inherent docket-management authority, it cannot sua sponte rule on substantive motions in a manner that short-circuits a party's opportunity to have the adversarial loop fully play out." (Obj., ECF No. 80, PageID.948.) That case does not appear to exist. The case located at 827 F.3d 533 is *Van Houten v. City of Fort Worth* from the Fifth Circuit, and *Van Houten* does not include the principle identified by the Potterfs. Nor does *United States v. Abdi*, 827 F. App'x 499 (6th Cir. 2020), the only other case by that name in the Sixth Circuit that the Court could locate.

- *Hill v. Synder*, 814 F.3d 408 (6th Cir. 2016), which the Potterfs listed in their "Index [of] Authorities" (Obj., ECF No. 80, PageID.955), does not appear to exist.

- The Potterfs cited *Ability Center of Greater Toledo v. City of Sandusky*, 385 F.3d 901, 907 (6th Cir. 2004) for the proposition that "[u]nder Sixth Circuit law, a public entity fails to provide a reasonable accommodation when it forces a disabled individual to utilize an alternative channel that actively exacerbates their underlying impairment or fails to address their specific cognitive and communicative restrictions." (Obj., ECF 80, PageID.944.) *Ability Center of Greater Toledo* does not stand for that proposition, or any similar proposition. The case has nothing to do with cognitive or communicative restrictions.

- The Potterfs argued that "[u]nder the binding standard in *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 539 (6th Cir. 2001),

> when a state prosecution relies on engineered legal predicates, *Younger* abstention is completely inapplicable, and the federal court must retain jurisdiction." (Obj., ECF No. 80, PageID.951.) But in *Tindall*, the Sixth Circuit reached the opposite conclusion and held that *Younger* abstention *was* required.

The Court is convinced that the Potterfs would have caught the fictitious and/or erroneous citations if they had sufficiently reviewed the authorities in their AI-generated objections before they filed those objections. Thus, it appears that the Potterfs violated Rule 11(b)(2) of the Federal Rules of Civil Procedure when they signed the objections and thereby certified that "to the best of [their] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances … the claims, defenses, and other legal contentions [they presented were] warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed.R.Civ.Proc. 11(b)(2). And the Court declines to grant any relief based upon objections that violate that rule. *Cf. Mattox v. Prod. Innovations Rsch., LLC*, 807 F.Supp.3d 1341, (E.D. Okla. 2025) (holding that counsel violated Rule 11(b) where counsel submitted pleadings containing fabricated authority from an AI program, striking from the record pleadings containing such fabricated authority, and sanctioning and publicly reprimanding counsel for submitting such pleadings); *Braica v. Frankowski*, 826 F.Supp.3d 286, 295-96 (D. Conn. 2025) (striking pleadings submitted by *pro se* plaintiff who

"repeatedly violat[ed] Rule 11 by submitting inaccurate, unverified AI-generated content to this [c]ourt").

The Court hereby advises the Potterfs that if they file any additional papers that fail to comply with Rule 11 and/or that contain false, hallucinated, or patently inaccurate citations, the Court may impose sanctions, up to and including dismissal of this action with prejudice. The Court appreciates that the Potterfs, as *pro se* litigants, are entitled to have their papers liberally construed, and the Court likewise understands that the use of artificial intelligence can greatly assist *pro se* litigants who lack formal legal training. There is, however, no excuse for the Potterfs' failure to verify the accuracy of their submissions to this Court.

**II**

Separate and apart from the fact that the Potterfs' objections do not comply with Rule 11, they fail on the merits.

**A**

The Court begins with the Potterfs' argument that the Magistrate Judge erred when she recommended that the Court deny their motion to enjoin Joshua's state-court criminal prosecution. As the Sixth Circuit has explained, "federal injunctions against a state criminal law enforcement process [should] be issued only 'under extraordinary circumstances where the danger of irreparable loss is both great and immediate.'" *Fieger v. Cox*, 524 F.3d 770, 774 (6th Cir. 2008) (quoting *Younger v.*

*Harris*, 401 U.S. 37, 45 (1971)). *See also Ohio C.R. Comm'n v. Dayton Christian Schs.*, 477 U.S. 619, 626 (1986) ("[A] federal court should not enjoin a pending state criminal proceeding except in the very unusual situation that an injunction is necessary to prevent great and immediate irreparable injury"). The Potterfs have not satisfied that very demanding standard.

The Potterfs insist that a stay of the state court criminal proceedings against Joshua is essential because (1) Joshua has mental health disabilities and financial limitations that prevent him from filing papers in-person or by regular mail and (2) the state court has refused to accommodate Joshua by permitting him to electronically file papers. (*See* Obj., ECF No. 80, PageID.944-946.) But the Potterfs have failed to persuade the Court that Joshua would suffer great and immediate harm without the ability to electronically file papers in his criminal case. As the docket sheet in Joshua's criminal case shows, he has been represented by counsel throughout those proceedings. (*See* St. Ct. Dkt., ECF No. 104-3.) And he has told this Court repeatedly that he does not want to represent himself in that case. (*See*, *e.g.*, ECF No. 24, PageID.136; ECF No. 78-2, PageID.925; ECF No. 78, PageID.915.) Since Joshua has a lawyer who has the ability to file papers in Joshua's case, Joshua has no urgent need to file papers on his own behalf. Nor does Joshua have any general right to file papers in addition to those filed by his lawyer on his behalf. *See*, *e.g.*, *United States v, McNoriell*, 176 F.4th 413, 425 (6th Cir. 2026)

(explaining that a criminal defendant has "no constitutional right to hybrid representation" in which he represents himself at the same time that he is represented by counsel) (internal quotation omitted); *People v. Kevorkian*, 639 N.W.2d 291, 320 (Mich. App. 2001) (affirming denial of defendant's request for hybrid representation). Simply put, Joshua has not shown that prohibiting him from filing papers electronically while he is represented by counsel has caused or will cause him to suffer great and immediate irreparable injury. Thus, the Magistrate Judge correctly concluded that the Court should deny the request to enjoin Joshua's state court proceedings.

The Potterfs counter that the fact that Joshua has been represented by appointed counsel in his criminal case is essentially meaningless because, according to the Potterfs, Joshua has been "completely abandoned" by his attorneys. (Mot., ECF No. 78, PageID.915.) The Potterfs are mistaken. Their belief that Joshua has been "abandoned" by his appointed attorneys appears to be premised largely on the fact that those attorneys would not take steps to remove his state criminal case to federal court. (*See id.*: "Court-appointed defense counsel Michael Andrew Murawski has completely abandoned his indigent client, maintaining a total communication blackout and completely ignoring a time-sensitive June 19, 2026, formal demand regarding mandatory federal removal actions under 28 U.S.C. § 1455(b)(1).") Indeed, Joshua sent one of his appointed attorneys an email stating

that the attorney's failure to take action to remove Joshua's case to federal court would be tantamount to a failure to provide "critical" legal services and that removal was a "formal, non-negotiable demand regarding your court-appointed representation of my defense." (Joshua Email, ECF No. 63-4, PageID.598.)

But any attempt by counsel to effectuate the removal demanded by Joshua would have been frivolous. The only removal statute that could possibly authorize the removal of Joshua's state court criminal case is 28 U.S.C. § 1443(1).[2] For a case to be properly removed under Section 1443(1), "the right denied [the] defendant must be one that arises under a federal law that provides for specific civil rights stated in terms of *racial* equality." *Conrad v. Robinson*, 871 F.2d 612, 614-15 (6th Cir. 1989) (emphasis added). "Broad general allegations of deprivation of civil rights are not sufficient to permit removal" under Section 1443(1). *State of Ohio v. Denman*, 462 F.2d 1292, 1292 (6th Cir. 1972) (per curiam). Since Joshua does not allege that the state court prosecution infringes his right to racial equality, he could not remove that prosecution under Section 1443(1). Because the removal demanded by Joshua would have been frivolous, his attorneys did not abandon him when they declined to effectuate the removal. And because they did not abandon him, he has no pressing need to electronically file papers on his own behalf.

---

[2] Joshua referenced 28 U.S.C. § 1455(b)(1) in his email to counsel quoted above in text, but that statute is purely procedural and does not create any substantive grounds for removal.

Moreover, the Potterfs are mistaken in their apparent belief that the refusal by Joshua's attorneys to follow his direction as to any and all matters related to his defense amounts to abandonment. The Potterfs ignore "the longstanding and sound principle that matters of trial strategy are left to counsel's discretion." *Dixon v. Houk*, 737 F.3d 1003, 1012 (6th Cir. 2013). Thus, while it is "recognized that the accused has the ultimate authority to make certain fundamental decisions regarding the case, [such] as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal," an indigent defendant does not have a "constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

Next, the Potterfs appear to suggest that blocking Joshua from electronic filing has caused him significant hardship because it has prevented him from filing motions (1) raising concerns about the performance of his lawyers and/or (2) seeking the appointment of new counsel. However, the Potterfs have not persuaded the Court that electronic filing is the only way for Joshua to present concerns about the performance of his lawyers to the state court. More specifically, the Potterfs have not shown why Joshua could not raise these concerns in a motion filed through regular mail. They say that they do not have a printer and have very limited financial resources, but they have not shown why Joshua could not handwrite a motion raising

concerns about the performance of his lawyers and pay the cost of the single stamp necessary to mail such a motion to the state court. Moreover, the act of mailing the motion should not be unduly burdensome because a United States Post Office is located directly across the street from the Potterfs' residence.[3]

Finally, the Potterfs appear to suggest that Joshua must be granted electronic filing privileges in order to ensure that he receives electronic notice of the filings in his case. (*See* Obj., ECF No. 80, PageID.950.) They say that without electronic filing privileges, Joshua will not receive any notice of filings because there is no United States mail delivery to their residence. But Joshua does not need electronic filing access to keep up with the filings in his case. The docket for his case is available on-line at https://micourt.courts.michigan.gov/case-search/.[4] He can

[3] The Potterfs live at 2765 Clifford Road in Silverwood, Michigan. The United States Post Office in Silverwood is located at 2760 Clifford Road, in Silverwood, Michigan. Viewing the two addresses on Google Maps, they appear to be located directly across the street from one another.

[4] On that website, an individual can search for a specific court – in this case the 54th Circuit Court – and then search for an individual party by name. Once that search is completed, links appear under the "Results" heading for all cases involving the searched-for party. Clicking on a link for a specific case takes the website visitor to a "Case Details" page. For criminal cases, that page includes a list of the parties, the criminal charges, the posted bond (if any), and a list of hearings that have taken place in that case. Finally, the Case Details page has an "Events" tab that lists every event that has taken place in the case. Thus, that website would provide the Potterfs full access to and notice of every filing and every activity that has taken place in Joshua's criminal case.

simply check the docket on-line on a regular basis to stay abreast of the filings in his case.

For all of these reasons, and the additional reasons explained on the record during the hearing on the Potterfs' objections, the Magistrate Judge properly recommended that the Court decline to enjoin Jousha's state-court prosecution. The objections directed at that recommendation are therefore **OVERRULED**. That recommendation is **ADOPTED**, and the Potterfs' motion to enjoin Joshua's state-court prosecution (ECF No. 78) is **DENIED**.

**B**

The Magistrate Judge made several other recommendations in the R&R regarding other motions that are now pending before the Court. More specifically, the Magistrate Judge recommended that the Court:

- Deny the Potterfs' motion to stay administrative proceedings that the Potterfs' initiated before the Michigan Department of Civil Rights. (*See* R&R, ECF No. 79, PageID.930-931.);
- Deny the Potterfs' "motion for constitutional notice and cross-motion for declaratory relief" (*see* Mots., ECF Nos. 76, 77[5]) that was filed in response to Defendants' motions to dismiss because it is inappropriate under the

[5] Docket number 77 is a revised version of the cross-motion at docket number 76.

Court's rules to file such a "cross-motion" that combined two filings into a single document. (R&R, ECF No. 79, PageID.931-932.); and

- Deny the Defendants' initially-filed motions to dismiss (ECF Nos. 53, 55) as moot because they have been superseded by later-filed motions. (R&R, ECF No. 79, PageID.937.)

The only one of these recommendations that the Potterfs object to is the recommended denial of their cross-motion. The Potterfs argue that that recommendation relied "on a total misinterpretation of local rules." (Obj., ECF No. 947.) They insist that no local rule prevents them from combining a motion and separate cross-motion in a single filing. They are mistaken. Rule 5 of the Court's rules on electronic filing plainly prohibits the Potterfs' cross-motion. That rule provides that "[m]otions must not be combined with any other stand-alone document. For example, [….] [a] counter-motion must not be combined with a response or reply." (Eastern District of Michigan Electronic Filing Policies and Procedures Rev. 11/2025.) That is precisely what the Potterfs attempted to do here. The Court therefore **OVERRULES** this objection and **ADOPTS** the Magistrate Judge's recommendation to deny the Potterfs' cross-motion.

With respect to the Magistrate Judge's recommendations regarding the other pending motions, no party has filed any objections to those recommendations. The failure to object to an R&R releases the Court from its duty to independently review

the matter. *See Thomas v. Arn,* 474 U.S. 140, 149 (1985). *See also Ivey v. Wilson*, 832 F.2d 950, 957 (6th Cir. 1987) (explaining that where party fails to file "timely objections" to report and recommendation, court may accept that recommendation "without expressing any view on the merits of the magistrate's conclusions"). In addition, the failure to file objections to an R&R waives any further right to appeal. *See Howard v. Sec'y of Health & Hum. Servs.,* 932 F.2d 505 (6th Cir. 1991); *Smith v. Detroit Fed'n of Tchrs. Loc. 231, Am. Fed'n of Tchrs., AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). The Court nonetheless has reviewed the Magistrate Judge's recommendations and agrees with those recommendations. The recommendations are therefore **ADOPTED**.

**C**

Finally, the Court turns to the Magistrate Judge's recommendation that the Court "[r]estrict [all] future filings in this matter to briefing on the motions to dismiss the amended complaint (ECF Nos. 68, 69) until those motions are resolved." (R&R, ECF No. 79, PageID.936.) The Court agrees with that recommendation and **OVERRULES** the Potterfs' objections to the recommendation

As noted above, despite the fact that this case has been pending on the Court's docket for less than six months, the Potterfs have filed over twenty motions. They have also filed approximately twenty-five additional "notices" and "status reports" regarding their ongoing state-court prosecutions. Some of these filings are frivolous.

For example, in one motion, the Potterfs sought sanctions against attorney Alexandra Lee Page, counsel for record for Defendant Drew Wessels. (*See* Mot., ECF No. 83.) In that motion, the Potterfs argued that the Court should sanction Page because when they made a settlement demand that called for the dismissal of the criminal case against Joshua, Page responded that she and her client lacked the power to "stop the state criminal proceedings.'" (*Id.*, PageID.976.) The Potterfs insist that "[t]his assertion is a bad-faith manipulation of the record and basic federal civil rights doctrines." (*Id.*) The Potterfs are wrong. Neither Page nor her client (a police officer) is prosecuting Joshua. A county prosecutor filed the charges in that case and controls the prosecution. Thus, as Page properly told the Potterfs, she has no authority to withdraw the criminal prosecutions of Joshua. The Potterfs' insistence that Page be sanctioned for her accurate statement of the law is, itself, sanctionable. Some of the Pottfers' other motions are equally frivolous. (*See*, *e.g.*, Mot. for Sanctions, ECF No. 82, PageID.968, in which the Potterfs wrongly accuse counsel for Defendants Shelia Long and Tuscola County of "deliberately utiliz[ing] an aggressive, wealth-based litigation model to exhaust the resources of an indigent *pro se* family").

In contrast to many of the Potterfs' filings, the Defendants' pending motions to dismiss raise serious arguments attacking the viability of the Potterfs' claims. If the Court accepts those arguments, the Potterfs' Complaint would be dismissed and

this action closed. The Court concludes that judicial efficiency would be well served by having both the Magistrate Judge and the Court now focus exclusively on the motions to dismiss before turning to the Potterfs' voluminous and extraneous filings. To that end (and for the time being), the Court will (1) prohibit the Potterfs from making any additional filings beyond filings that relate to the motions to dismiss and (2) terminate without prejudice all pending motions filed by the Potterfs, except their motion for preparation of hearing transcript (ECF No. 105) and their motion for leave to supplement their opposition to the motions to dismiss (ECF No. 106).[6]

Accordingly, the Court **ORDERS** as follows:

- The order of reference to the Magistrate Judge is temporarily **VACATED**. (*See* Order, ECF No. 37.);
- All of the Potterfs' pending motions not addressed by the R&R *except for* the Potterfs' motion for preparation of hearing transcript (ECF No. 105) and their motion for leave to supplement their opposition to the motions to dismiss (ECF No. 106) are **TERMINATED WITHOUT PREJUDICE**.[7] Those motions are located on the Court's docket at

[6] Terminating the other motions without prejudice may actually benefit the Potterfs because it eliminates the very substantial risk that the Potterfs would be sanctioned for filing at least some of those motions.

[7] The Court will address the Potterfs' motion for preparation of hearing transcript in a separate order. When the Court re-refers this case to the Magistrate Judge, the Magistrate Judge may rule on the motion to supplement.

ECF Nos. 82, 83, 89, 93, 94, and 95. The Potterfs may re-file those motions, *if appropriate*, if this case continues following resolution of Defendants' motions to dismiss; and

- Until further order of the Court, all further filings in this action by the Potterfs shall be limited to filings addressing Defendants' currently-pending motions to dismiss;

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 26, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 26, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126