UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRYSTAL FAYE POTTERF, *et al.*,

Plaintiffs,

Case No. 26-cv-10860
Hon. Matthew F. Leitman

v.

DREW F. WESSELS, *et al.*,

Defendants.

_____________________________________/

**ORDER DENYING PLAINTIFFS' JOINT MOTION FOR PREPARATION OF HEARING TRANSCRIPT AT GOVERNMENT EXPENSE PURSUANT TO 28 U.S.C. 753(f) (ECF No. 105)**

Plaintiffs Joshua Raymond Potterf ("Joshua") and Krystal Faye Potterf ("Krystal")[1] are criminal defendants in two separate criminal cases pending in two separate Michigan state courts. *See People v. Joshua Potterf*, Case No. 25-016761-FH (Mich. 54th Judicial Circuit Court, Tuscola County); *People v. Krystal Potterf*, Case No. 25-0340-SM (Mich. 7-1B District Court). In their *pro se* Complaint in this action, the Potterfs ask the Court, among other things, to enjoin both state-court prosecutions. (*See*, *e.g.*, Compl., ECF No. 1.) On July 1, 2026, the Potterfs filed an "emergency motion" to enjoin Joshua's state-court criminal proceedings (the

[1] As the Court has done in previous orders, the Court will refer to Joshua Potterf as "Joshua" and Krystal Potterf as "Krystal" because Plaintiffs share the same last name.

"Injunction Motion"). (*See* Injunction Mot., ECF No. 78.) The Injunction Motion is one of over 20 motions that the Potterfs have filed in the less than six months that this case has been pending. On July 8, 2026, the assigned Magistrate Judge issued a Report and Recommendation in which she recommended, among other things, that the Court deny the Injunction Motion (the "R&R"). (*See* R&R, ECF No. 79.) Approximately six hours after the Magistrate Judge issued the R&R, the Potterfs filed 21 pages of objections to the Magistrate Judge's recommendations. (*See* Obj, ECF No. 80.) The Court held a virtual hearing on the objections on August 20, 2026. During that hearing, the Court announced its oral ruling overruling the objections, adopting the disposition recommended in the R&R, and denying the Injunction Motion. The Court thereafter entered a written order memorializing that ruling and summarizing the reasons for the ruling. (*See* Order, ECF 107.) The Potterfs have now filed a motion to have the transcript of the August 20, 2026 hearing prepared at government expense. (*See* Mot., ECF No. 105.) The Potterfs say in that motion that they need to have the transcript prepared so that they may appeal the denial of the Injunction Motion. Their motion is **DENIED**.

The Potterfs argue that they are entitled to have the government pay the cost of the transcript under 28 U.S.C. § 753(f). In relevant part, that statute provides that "[f]ees for transcripts furnished in other proceedings to persons permitted to appeal *in forma pauperis* shall also be paid by the United States if the trial judge or a circuit

judge certifies that the appeal is not frivolous (but presents a substantial question)." The governing standard under that statute is as follows:

> A motion for a transcript at government expense cannot be granted unless the court certifies that the appeal raises a substantial question. 28 U.S.C. 753(f). A substantial question is one that is reasonably debatable. The motion should be granted only where the case presents unusual circumstances or where a new principle of law is involved.

*Wilson v. Morris*, 52 F.3d 327 (TABLE), 1995 WL 154991 (6th Cir. 1995). *See also Rickey v. Davis*, 880 F.2d 1321 (TABLE), 1989 WL 85855 (6th Cir. 1989) (same); *Mitchell v. Voss*, 863 F.2d 49 (TABLE), 1998 WL 124373 (6th Cir. 1988) (explaining that transcript should be prepared at government expense only in "exceptional circumstances"); *Ali v. Knight*, 2026 WL 2329523, at **2-3 (W.D. Mich., Aug. 12, 2026) (overruling objections to report and recommendation and denying plaintiff's motion under 28 U.S.C. § 753(f) for preparation of transcripts at government expense).

The Potterfs have neither acknowledged nor attempted to satisfy this standard. They have not pointed to any exceptional or unusual circumstances that would warrant preparation of the transcript at government expense. Moreover, they do not have a pressing need for the transcript because the Court has summarized the key reasoning underlying its decision in a written order. Finally, the weakness of the Potterfs' position on the merits of the Injunction Motion and the Potterfs' violation of Rule 11(b) of the Federal Rules of Civil Procedure in connection with

their objections to the recommended denial of the Injunction Motion (*see* Order, ECF No. 107, PageID.1551-1554) both counsel against having the government bear the burden of paying for the preparation of the transcripts. For all of these reasons, the Court will not order the government to pay the cost of preparing the transcript of the hearing on August 20, 2026. The Potterfs' motion (ECF No. 105) is therefore **DENIED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 26, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 26, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126